# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

SEPTEMBER SESSION, 1999

FILED

October 31, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

BRIAN ORLANDUS
WILLIAMSON,

      Appellant,

vs.

STATE OF TENNESSEE,

      Appellee.

\* \* \* \* \* \* \* \* \* \*

No. 02C01-9810-CR-00305

SHELBY COUNTY

Hon. W. Fred Axley, Judge

(Post-Conviction)

| For the Appellant: | For the Appellee: |
|---|---|
| **Jeffrey S. Glatstein**<br>200 Jefferson Avenue<br>Suite 202<br>Memphis, TN 38103 | **Paul G. Summers**<br>Attorney General and Reporter<br><br>**R. Stephen Jobe**<br>Assistant Attorney General<br>Criminal Justice Division<br>425 Fifth Avenue North<br>2d Floor, Cordell Hull Building<br>Nashville, TN 37243-0493<br><br>**William L. Gibbons**<br>District Attorney General<br><br>**Rosemary S. Andrews**<br>Asst. District Attorney General<br>201 Poplar Avenue, Third Floor<br>Memphis, TN 38103 |

OPINION FILED: _____

AFFIRMED

**David G. Hayes,** Judge

The appellant, Brian Orlandus Williamson, appeals from the denial of his petition for post-conviction relief by the Shelby County Criminal Court. On January 15, 1997, pursuant to a negotiated plea agreement, the appellant entered guilty pleas to thirteen offenses[1] resulting in an effective sentence of twenty years. On appeal, the appellant collaterally challenges his convictions upon grounds (1) that his pleas were involuntarily entered and (2) that he received the ineffective assistance of counsel.

Following review, we affirm the judgment of the post-conviction court.

**BACKGROUND**

On January 16, 1998, the appellant filed a *pro se* petition for post-conviction relief.[2] After counsel was appointed, an amended petition was filed in March of 1998. In his claim of ineffective assistance, the appellant seeks relief upon grounds (1) failing to consult with the appellant and "sufficiently" explain "trial procedures, . . . trial strategy," and defenses; (2) failing to properly investigate and interview two witnesses; and (3) failing to file a motion to suppress a video which depicted the

---

[1]The record contains judgments for six of the appellant's crimes: three counts sale of cocaine, Class B felonies receiving twenty years on each count; possession of cocaine with intent to sell, a Class B felony receiving twenty years; sale of cocaine, a Class C felony receiving ten years; and driving while an habitual motor vehicle offender, a Class E felony receiving four years. Although the judgments of the remaining convictions are not contained in the record, the indictments and the transcript from the guilty plea hearing demonstrate that the appellant also pled guilty to another count of possession of cocaine with intent to distribute, a Class C felony receiving 10 years, and various other misdemeanors, involving drug and traffic offenses. The plea agreement provided that the appellant would be sentenced as a Range II offender when in actuality the appellant was a Range III offender. In his petition, the appellant seeks post-conviction relief related only to the seven felony convictions.

[2]The incarcerated petitioner apparently mailed the petition on January 8, 1998. "A post-conviction petition filed by a *pro se* petitioner who is incarcerated is filed when it is received by appropriate prison authorities for mailing." Sup. Ct. Rules, Rule 28 § 2(G).

appellant and his involvement in the drug transaction. In his second issue, the appellant argues that he was coerced into pleading guilty and thus his pleas were involuntary based upon (1) counsel's failure to explain the nature and consequences of the guilty pleas; (2) coercion from appellant's family after viewing the videotape of the drug transaction;[3] and (3) reliance upon counsel's representation that his "parole time" would run concurrent with his negotiated twenty year sentence.[4] Despite the fact that, on the date of sentencing, the appellant's prior criminal history included convictions for five felonies and three misdemeanors, he argues that his guilty pleas were involuntarily entered in that he was "ever new to the justice system and not auware [sic] of [his] rights."

A hearing on the merits was held on July 23, 1998, at which only the appellant and trial counsel testified. At the hearing the appellant testified that he plead guilty because trial counsel advised him that, if he went to trial, he would receive forty to sixty years. Additionally, the appellant related that his plea was in part based upon reliance of counsel's representation that his "parole time" would run concurrent with his pending charges. Regarding ineffective assistance, the appellant reiterated his claim that counsel did not properly investigate his case including two witnesses who would have provided him with an alibi. The appellant, however, admitted that he never provided to counsel the names of those two witnesses nor were those witnesses called to testify at the post-conviction hearing. On cross-examination, the appellant acknowledged that, at the guilty plea hearing, he advised the court, "[H]e [trial counsel] represented me real well . . . [H]e did all he could." At the hearing, counsel refuted the appellant's allegations that appellant was advised that his "parole time" would run concurrently with the pending charges or

[3]Constitutional protections are intended as restraints against the activities of sovereign authority and may not be invoked by one citizen against another absent governmental participation. Because no state action is established, this claim abridges no constitutional right and is not cognizable in a post-conviction proceeding. U.S. Const. Amend. 14 Sect. 1.; Tenn. Code Ann. § 40-30-203.

[4]Apparently, at the time of the guilty pleas the appellant was on parole.

that the appellant's pleas were in any way coerced. Counsel testified that no motion

to suppress the videotapes was filed because there were no grounds for

suppression. With regard to the ineffective assistance of counsel claim, the post-

conviction court found:

> Petitioner fails to show counsel was not functioning as guaranteed by
> the Sixth and Fourteenth Amendments. [Counsel] met with Petitioner
> on approximately ten occasions to discuss his case. After careful
> review of the evidence, [counsel] in his professional judgment
> determined that Petitioner had little chance of an acquittal if his case
> went to trial. Counsel concluded that Petitioner had no defenses due
> to the incriminating nature of the videotape evidence nor were there
> grounds for the suppression of this evidence.
> . . .

With regard to the appellant's claim that his guilty pleas were involuntarily entered,

the post-conviction court further observed:

> There is no merit to the Petitioner's contention that his guilty plea was
> not entered voluntarily and intelligently. [The trial court] diligently
> apprised Petitioner of his constitutional rights before accepting his
> guilty plea. . . . Petitioner then told [the trial court] that his plea was not
> the result of any sort of coercion . . . , misunderstanding of the
> implications of his guilty plea, or that the plea was entered as a result
> of anything less than Petitioner's own free will.
> . . .
>
> Furthermore, Petitioner fails to show he was prejudiced. Before [the
> trial court] accepted the guilty plea, Petitioner recognized that he
> understood the ramifications of entering a guilty plea, and that no one
> had coerced his plea. Petitioner has completely failed his burden of
> proving facts which would support a finding that he would rather have
> gone to trial had he been otherwise advised.

In order to succeed on a post-conviction claim, the appellant bears the

burden of showing, by clear and convincing evidence, the allegations set forth in his

petition. Tenn. Code Ann. § 40-30-210(f) (1997). When this court undertakes

review of a lower court's decision on a petition for post-conviction relief, the lower

court's findings of fact are given the weight of a jury verdict and are conclusive on

appeal absent a finding that the evidence preponderates against the judgment. See

Davis v. State, 912 S.W.2d 689, 697 (Tenn. 1995).

To prevail on a claim of ineffective assistance of counsel, a criminal

defendant must show two things: (1) the lawyer's performance fell below an

4

"objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 2064-65 (1984); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975); and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068. Effectiveness of counsel is a mixed question of law and fact. Id. at 698, 104 S.Ct. at 2070. In Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366 (1985), the Court held that Strickland's analysis applies equally to cases resolved by a guilty plea. In Hill v. Lockhart, the Court stated that "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. 474 U.S. at 59, 106 S.Ct. at 370.

The established test for determining the validity of the guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." Id. at 56, 106 S.Ct. at 369 (citing North Carolina v. Alford, 400 U.S. 25, 31, 91 S.Ct. 160, 164 (1970) (other citations omitted)). We find that this test was met in this case.

We conclude that the record fully supports the findings of the post-conviction court that the appellant has not proven by clear and convincing evidence that counsel was ineffective or that his guilty pleas were involuntarily entered.

Accordingly, the judgment of the post-conviction court in dismissing the appellant's petition is affirmed.

_____
DAVID G. HAYES, Judge


CONCUR:



_____
JOE G. RILEY, Judge



_____
THOMAS T. WOODALL, Judge